**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                              No. 97-4258

ANDRE HARRIET,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Columbia.
Dennis W. Shedd, District Judge.
(CR-96-455-DWS)

Submitted: October 31, 1997

Decided: November 19, 1997

Before HAMILTON, WILLIAMS, and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

John Herman Hare, Assistant Federal Public Defender, Columbia,
South Carolina, for Appellant. Jane Barrett Taylor, OFFICE OF THE
UNITED STATES ATTORNEY, Columbia, South Carolina, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Andre Harriet appeals his sentence after a guilty plea to possession with intent to distribute crack cocaine, in violation of 21 U.S.C. § 841(a)(1) (1994) and 18 U.S.C. § 2 (1994). Harriet's attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), raising two issues but stating that, in his view, there are no meritorious grounds for appeal. For the reasons that follow, we affirm.

Harriet's counsel raises two questions: whether the district court complied with the requirements outlined in Rule 11 of the Federal Rules of Criminal Procedure when taking Harriet's plea, and whether Harriet's sentence was properly computed. Following a de novo review of the entire record, we conclude that the district court complied with all the mandates of Rule 11 in accepting Harriet's guilty plea. Further, we find that Harriet's guideline range was properly calculated under the United States Sentencing Commission, Guidelines Manual (1995). The district judge's imposition of a sentence within that range does not state an appealable question. See United States v. Porter, 909 F.2d 789, 794 (4th Cir. 1990).

In his pro se notice of appeal, Harriet contends that the district court erred by sentencing him under the crack cocaine guidelines because the government did not prove by a preponderance of the evidence that the substance Harriet possessed was crack cocaine. Harriet was informed of his right to file a supplemental pro se brief, but he failed to do so. The record reveals, however, that Harriet was indicted for and pled guilty to possession with intent to distribute crack cocaine. Also, Harriet did not object to the facts as stated in the Presentence Investigation Report, adopted by the court, which revealed that Harriet sold crack cocaine to undercover officers. Harriet's claim for the first time on appeal that the substance was not crack is simply without merit. Accordingly, we do not find that the district court committed plain error by sentencing Harriet under the crack cocaine guidelines. See United States v. Olano, 507 U.S. 725, 734 (1993) (holding that claim raised for first time on appeal cannot justify reversal "unless the error is clear under current law").

2

As required by <u>Anders</u>, we have examined the entire record and find no other meritorious issues for appeal. Because the record discloses no reversible error, we affirm Harriet's conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>